# EXHIBIT A

Exhibit A

# Tarrant County District Clerk Online
## Thomas A. Wilder, District Clerk

Civil Case and Transaction Information                              06/02/2021 12:00 PM

Court : 352    Case : 324314    [Search]  [New Search]   ☐ Show Service Documents ONLY

**Cause Number : 352-324314-21**                                **Date Filed : 03-30-2021**

TAMARA RENEE JOHNSON   | VS |   QUICKTRIP CORPORATION

**Cause of Action :** INJURY OR DAMAGE, PREMISES
**Case Status :** PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 03-30-2021 | PLTF'S ORIG PET & REQ FOR DISCLOSURE | [PDF] | N | $289.00 | |
| 03-30-2021 | PAYMENT RECEIVED trans #1 | | Y | | $289.00 |
| 03-30-2021 | CIT-ISSUED ON QUICKTRIP CORPORATION-On 04/26/2021 | [PDF] | N  Svc | $8.00 | |
| 03-30-2021 | PAYMENT RECEIVED trans #3 | | Y | | $8.00 |
| 03-30-2021 | JURY FEE | | N | $40.00 | |
| 03-30-2021 | PAYMENT RECEIVED trans #5 | | Y | | $40.00 |
| 04-23-2021 | LTR/MILKS RE:EMAIL CIT (DP/SW) | [PDF] | | | $0.00 |
| 05-05-2021 | AFFDT SRV QUICKTRIP CORPORATION | [PDF] | | | $0.00 |
| 05-05-2021 | CIT Tr# 3 RET EXEC(QUICKTRIP CORPORATION) On 05/04/2021 | [PDF] | | | $0.00 |
| 05-26-2021 | DEFN VERIFIED DENIAL/ORIG ANS | [PDF] | | | $0.00 |

# EXHIBIT B

Exhibit B

**CT Corporation**

**Service of Process Transmittal**
05/04/2021
CT Log Number 539496283

**TO:** Marshall Wells
QuikTrip Corporation
4705 S 129th East Ave
Tulsa, OK 74134-7008

**RE:** Process Served in Texas

**FOR:** QuikTrip Corporation  (Domestic State: OK)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | TAMARA RENEE JOHNSON, PLTF. vs. QUICKTRIP CORPORATION, DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 35232431421 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/04/2021 at 03:23 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/04/2021, Expected Purge Date: 05/09/2021<br><br>Image SOP<br><br>Email Notification,  Marshall Wells  mwells@quiktrip.com<br><br>Email Notification,  Kristen Snow  ksnow@quiktrip.com<br><br>Email Notification,  Ronald Collins  rcollins@quiktrip.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, May 4, 2021

**Server Name:** Matthew Foster

| Entity Served | QUIKTRIP CORPORATION |
|---|---|
| Agent Name | CT CORPORATION SYSTEM |
| Case Number | 352-324314-21 |
| Jurisdiction | TX |



# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

**CITATION**   Cause No. 352-324314-21

TAMARA RENEE JOHNSON
VS.
QUICKTRIP CORPORATION

**TO: QUICKTRIP CORPORATION**

B/S REG AGENT-C T CORPORATION 1999 BRYAN ST STE 900 DALLAS, TX 75201-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 352nd District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

TAMARA RENEE JOHNSON

Filed in said Court on March 30th, 2021 Against
QUICKTRIP CORPORATION

For suit, said suit being numbered 352-324314-21 the nature of which demand is as shown on said PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE a copy of which accompanies this citation.

J D MILKS
Attorney for TAMARA RENEE JOHNSON Phone No. (469)270-8585
Address   1910 PACIFIC AVE STE 15700 DALLAS, TX 75201

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 26th day of April, 2021.

By _____ Natalie Thigpen _____
NATALIE THIGPEN

A CERTIFIED COPY
ATTEST: 04/26/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN   *352324314421000003*

Received this Citation on the _____ day of _____, ____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, ____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of _____ By _____ Deputy
Fees $_____   _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                              _____
                                      County of _____, State of _____

# CITATION

Cause No. 352-324314-21

TAMARA RENEE JOHNSON

VS.

QUICKTRIP CORPORATION

ISSUED

This 26th day of April, 2021

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        NATALIE THIGPEN Deputy



A CERTIFIED COPY
ATTEST: 04/26/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Natalie Thigpen

J D MILKS
Attorney for: TAMARA RENEE JOHNSON
Phone No. (469)270-8585
ADDRESS: 1910 PACIFIC AVE STE 15700

DALLAS, TX 75201

CIVIL LAW



*35232431421000003*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

FILED
TARRANT COUNTY
3/30/2021 12:00 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 352-324314-21

| | | |
|---|---|---|
| TAMARA RENEE JOHNSON | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | OF TARRANT COUNTY, TEXAS |
| | § | |
| QUICKTRIP CORPORATION | § | |
| *Defendant.* | § | _____ JUDCIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, TAMARA RENEE JOHNSON, hereinafter called Plaintiff, complaining of and about QUICKTRIP CORPORATION, hereinafter called Defendant, and for cause of action show unto the Court the following:

### I. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level II.

### II. PARTIES AND SERVICE

2. Plaintiff, Tamara Renee Johnson is an Individuals whose address is 6400 Henco Ct. Fort Worth, Texas 76119.

3. Defendant, QuickTrip Corporation is a Foreign Corporation incorporated under the laws of the State of Oklahoma. The corporation may be served with process through its registered agent, C T Corporation, at the following registered address: 1999 Bryan St. Ste 900, Dallas, Texas 75201.

### III. JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant has the necessary

minimum contacts with the State of Texas so that the assertion of jurisdiction will not offend traditional notions of fair play and substantial justice.

6. Venue in Tarrant County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV. FACTS

7. On or about April 3, 2019, Plaintiff was walking inside a Quick Trip convenience store in Tarrant County, Texas when she fell due to a slick floor. Defendant failed to place warning signs around the wet and slippery area, causing Plaintiff to slip and fall. As a result of the incident, Plaintiff suffered serious bodily injuries.

## V. PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST QUICKTRIP CORPORATION.

8. Defendant had a duty to exercise the degree of care that a person of ordinary prudence would use to avoid harm to others under circumstances similar to those described herein.

9. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

10. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant failed to post appropriate warning signs that would have alerted Plaintiff of the dangerous condition;

    B. In that Defendant failed to recognize a dangerous condition of prudent care would have done;

C. In that Defendant failed follow safety codes avoid the incident complained of;

D. In that Defendant failed to mop up and or cordon off hazardous areas as a person using ordinary prudent care would have done;

F. In that Defendant failed to act in accordance with a "duty of care." as a person using ordinary prudent care would have done;

G. In that Defendant failed to exercise ordinary care to maintain the floor in a reasonably safe condition operated by a person of ordinary prudence under the same or similar circumstances;

H. In that Defendant knew the condition existed for a length of time, they should have corrected it prior to the incident in question;

## VI. DAMAGES FOR PLAINTIFF TAMARA RENEE JOHNSON

11. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Tamara Renee Johnson, was caused to suffer serious bodily injuries, and to incur the following damages for which Plaintiff seeks monetary relief of more than $100,000 but less than $250,000, inclusive of the following:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Tamara Renee Johnson, for the necessary care and treatment of the injuries resulting from the accident and/or the aggravation of prior injuries and such charges are reasonable and were usual and customary charges for such services in Tarrant County, Texas;

B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Loss of earnings in the past;

F. Loss of earning capacity which will, in all probability, be incurred in the

future;

G. Loss of Household Services in the past;

H. Mental anguish in the past;

I. Mental anguish in the future; and

## VII. DEMAND FOR TRIAL BY JURY

12. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## VIII. REQUEST FOR DISCLOSURE

13. Under Texas Rules of Civil Procedure 194, Plaintiff requests that Defendant disclose, within 30 days of the service of this request, the information or material described in rule 194.2.

## IX. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Tamara Renee Johnson, respectfully prays that the Defendant, QuickTrip Corporation be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**SLOCUMB LAW FIRM, PLLC**

/s/J.D. Milks
J.D. Milks
Texas State Bar No. 24045106
1910 Pacific Avenue, Suite 15700
Dallas, Texas 75201
P) 469.270.8585
F) 888.953.2247
Email: jmilks@slocumblaw.com

# EXHIBIT C

Exhibit C

CAUSE NO. 352-324314-21

| | | |
|---|---|---|
| TAMARA RENEE JOHNSON, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| QUICKTRIP CORPORATION, | § | |
| Defendant. | § | 352nd JUDICIAL DISTRICT |

## DEFENDANT'S VERIFIED DENIAL AND ORIGINAL ANSWER

**COMES NOW,** Defendant QuikTrip Corporation ("Defendant"), improperly named "QuickTrip Corporation" herein, filing this Original Answer to Plaintiff's Original Petition, and in support thereof, would respectfully show the Court as follows:

## I.
## VERIFIED DENIAL

By way of verified denial pursuant to Texas Rule of Civil Procedure 93, Defendant denies that Plaintiff is entitled to recover from Defendant in the capacity in which it has been sued. Specifically, Defendant denies that "QUICKTRIP CORPORATION" owned or operated the store or premises at issue on the date of this incident. Consequently, Plaintiff has no right or potential right of recovery against Defendant. *See, e.g., Ray Malooly Trust v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006). Though both liability and damages are disputed, the property entity, if any, would be QuikTrip Corporation.

## II.
## GENERAL DENIAL

Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact,

says Plaintiff should prove such facts by a preponderance of the evidence to a jury if she can so do.

### III.
### DEFENSES

1. Defendant specifically denies Plaintiff's claims that it was negligent, and Defendant denies that Plaintiff has stated a viable cause of action for negligence. Plaintiff's sole cause of action is limited to a premises-liability claim.

2. Defendant claims that Plaintiff failed to use that degree of care and caution as would has been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing or contributing to Plaintiff's alleged damages, if any. Such acts or omissions of Plaintiff were the sole, proximate, or contributing cause of Plaintiff's alleged damages, if any.

3. Defendant claims that Plaintiff's alleged damages or injuries, if any, were caused by the acts of third persons not under the control of Defendant. Such acts or omissions of said third persons were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

4. Defendant would show that the accident complained of was an unavoidable accident, as that term is known in law.

5. Defendant asserts that it had neither actual nor constructive knowledge of the alleged premises condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

6. Defendant may further show that the damages of which Plaintiff complains, if any, may have been the result of prior, pre-existing, or subsequent injuries, accidents, or conditions, and that such are the proximate or a contributing cause of Plaintiff's damages, if any.

7. Defendant may further show that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

8. Defendant may further show that Plaintiff is malingering as that term is known in the law.

9. Defendant asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

10. Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

11. Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## IV.
## REQUEST FOR COURT REPORTER

12. Defendant respectfully demands a court reporter be present at all proceedings before this Honorable Court.

V.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, both at law and in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Christopher M. Blanton**
State Bar No. 00796218
cblanton@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to, and in accordance with, the Texas Rules of Civil Procedure on May 26, 2021.

/s/ B. Kyle Briscoe
_____
**B. Kyle Briscoe**

## VERIFICATION

STATE OF TEXAS §
§
COUNTY OF TARRANT §

Before me, the undersigned authority, did personally appear B. Kyle Briscoe, who upon his oath deposes and says that he is one of the attorneys for Defendant, that he has never been convicted of a disqualifying crime, and that he is over the age of 21 and competent to make this verification. Accordingly, Mr. Briscoe verifies that the facts alleged in Paragraph I of the foregoing pleading are true and correct.

_____
B. Kyle Briscoe

Subscribed and sworn to before me on this 26th day of May 2021.

_____
NOTARY PUBLIC in and for the State of Texas

ELIZABETH CONTRERAS
Notary Public, State of Texas
Comm. Expires 02-06-2024
Notary ID 129335398